IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID BROWN | : | CIVIL ACTION |
| v. | : | |
| JOHN W. PACKEL, et al. | : | NO. 05-2731 |

ORDER

AND NOW, this 20th day of June, 2005, upon consideration of Plaintiff's Petition to Proceed In Forma Pauperis, it is ORDERED that the Petition is DENIED without prejudice.

The Prison Litigation Reform Act of 1995 establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis. See Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), amending 28 U.S.C. § 1915. Under the Act, a prisoner bringing a civil action in forma pauperis must: (1) pay the full amount of the $250 filing fee; (2) submit a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint so that the Court can determine how the prisoner will pay the $250 filing fee; and (3) obtain this statement from the appropriate official of each prison at which he was or is confined. 28 U.S.C. § 1915. The Court then must "assess [the prisoner's financial status] and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of-- (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . ." Id.

Here, Plaintiff's inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint shows average monthly deposits of $21.29, average monthly balances of $29.67, and a current balance of $30.09. Based upon this financial information, an initial partial filing fee of $5.93 will be assessed. The Superintendent or other appropriate official at SCI-Albion, or at any prison at which Plaintiff may be confined, will be directed to

deduct $5.93 from Plaintiff's inmate account, when such funds become available, and forward that amount to the Clerk of the United States District Court for the Eastern District of Pennsylvania. Thereafter, each time that the balance in Plaintiff's prison account exceeds $10, an amount no greater than 20 percent of the money credited to his account during the preceding month will be deducted and forwarded to the Clerk of Court until the filing fee is paid. See 28 U.S.C. § 1915(a)(2).

When Plaintiff brought this action, he might have been unaware that he was required to pay the filing fee, and that even if the full filing fee, or any part of it, is paid, the Court is required to dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the filing fee will not be refunded to Plaintiff. Id.

**ACCORDINGLY, IT IS FURTHER ORDERED** that Plaintiff shall have twenty (20) days from the date of this order to decide whether he wants to proceed with this case. If by that time, Plaintiff decides not to proceed with the case, he need not pay the $250 filing fee.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **CLOSE** this case for statistical purposes.

BY THE COURT:

_/s/ Paul S. Diamond_

**PAUL S. DIAMOND, J.**